## Ramins v. Chemical Decontamination Corp.

*George W. Tracy*, for plaintiff.
*Kenneth A. Gelburd*, for Commonwealth of Pennsylvania, Department of Environmental Resources.

ESHELMAN, THOMAS J., *J.*, September 1, 1988 — Plaintiff, Gunars H. Ramins, has appealed our order of March 9, 1988, which dismissed a writ of execution insofar as it applied to the Commonwealth of Pennsylvania, Department of Environmental Resources. This opinion is in support of our order.

The facts of the case are as follows. Defendant, Chemical Decontamination Corporation Inc., is in the business of treating hazardous waste. In June 1984, garnishee, Commonwealth of Pennsylvania, Department of Environmental Resources through its Bureau of Solid Waste Management, issued to CDC permit no. 300994, pursuant to the Solid

Waste Management Act of 1980, 35 P.S. §6018.101 et seq.

Since CDC's hazardous waste treatment facility required a permit pursuant to 35 P.S. §6018.501, a bond was required under 35 P.S. §6018.505(a). CDC filed bond papers with the department and also filed as collateral a certificate of deposit in the amount of $10,000, which the department deposited in the commonwealth treasury.

CDC's original permit expired and the bond collateral was returned to CDC after a series of extensions in June 1985. In mid-1985, CDC applied to the department for a longer term permit. In furtherance of CDC's permit application, it filed with the department another set of bond papers and collateral in the form of a new $10,000 certificate of deposit. The new permit, no. 31067, was issued to CDC on July 31, 1985. Condition no. 3 of the permit explicitly relies upon posting of the bond collateral. The department again transmitted the collateral certificate of deposit to the treasury, where it remains today.

Plaintiff Ramins obtained a money judgment against CDC and has attempted to execute that judgment against the certificate of deposit, which passed through the department on the way to the treasury.

The law in this area is clear. 1 Pa. C.S. §2310 reaffirms the doctrine of sovereign immunity:

"Pursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity."

The specific exceptions to sovereign immunity

are set forth in 42 Pa. C.S. §8522(a). Attachment and execution on Solid Waste Management Act bonds do not fall within the specific exceptions and therefore the department is immune from suit. *Board of Commissioners of Upper Pottsgrove Township v. Red Hill Savings and Loan Association*, 104 Pa. Commw. 279, 521 A.2d 983 (1987); appeal, Allocatur Docket 262 E.D. 1987.

The writ of execution, as it applies to the department, would also be dismissed on other grounds. The bond money is in place to protect the public against the harm which could be caused if CDC mismanages its hazardous waste treatment facility; the public should have the guarantee kept in place. Public policy dictates that the department not be subjected to the vexation of disputes between defendant and those who claim that defendant owes them money. *Buchholz v. Cam*, 288 Pa. Super. 33, 430 A.2d 1199 (1981). Since the permit conditioned upon CDC's bond remains in force, the bond monies are still serving the purpose for which they were placed in the hands of the public entity. Attachment and execution are thus barred by the time-honored principle of custodia legis. *Buchholz, supra.*

For all the reasons discussed above, this court was required to dismiss the writ of execution insofar as it applies to the Department of Environmental Resources.